# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

COREY POE                                                                                    PETITIONER


v.                                    NO. 5:16-cv-00047 JLH/PSH


WENDY KELLEY, Director of the                                         RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United

States District Judge J. Leon Holmes. You may file written objections to all or part of this

Recommendation. If you do so, those objections must: (1) specifically explain the factual

and/or legal basis for your objection, and (2) be received by the Clerk of this Court

within fourteen (14) days of this Recommendation. By not objecting, you may waive the

right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

In April of 2006, petitioner Corey Poe ("Poe") was convicted in an Arkansas state trial court of two counts of sexual assault and sentenced to the custody of respondent Wendy Kelley ("Kelley"). Poe appealed his conviction. The Arkansas Court of Appeals affirmed his conviction in April of 2007. See Poe v. State, — Ark. —, — S.W.3d —, 2007 WL 1083670 (Ark.App. 2007). He filed no other state court challenge to his conviction.

In February of 2016, Poe commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his April of 2006 conviction.[1] Kelly filed a response and maintained, inter alia, that the petition should be dismissed because it is untimely. Poe filed a reply in which he acknowledged waiting several years to file his petition. He maintained, though, that his delay should be excused for the following three reasons: first, his appellate attorney made a misrepresentation regarding the remedies available to Poe; second, the United States Supreme Court decisions in Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), and Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), made a change in the law and now warrant the consideration of his petition; and third, Poe is actually innocent of the offenses he was convicted of committing.

---

[1] Poe appeared to advance the following four claims in his petition: first, trial counsel was ineffective because counsel failed to file a motion pursuant to the state rape shield statute; second, appellate counsel was ineffective because counsel failed to raise an ineffective assistance of counsel claim on direct appeal; third, the prosecutor engaged in misconduct because he offered prejudicial testimony at trial; and fourth, the state trial court judge erred by allowing the admission of some evidence but barring the admission of other evidence.

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the commencement of the one year period, only one of which is applicable in this instance. The date that triggered the commencement of the one year period in this instance was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A).[2]

The state Court of Appeals affirmed Poe's conviction in April of 2007. It is not clear when the state appellate court issued its mandate, but the undersigned assumes, arguendo, that the mandate was issued sometime the following month, i.e., sometime in May of 2007. According Poe thirty days for petitioning the Arkansas Supreme Court for discretionary review, and ninety days for petitioning the United States Supreme Court for

---

[2]

The three other triggering dates codified in 28 U.S.C. 2244(d) have no application in this instance. First, 28 U.S.C. 2244(d)(1)(B) provides that the one year period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." There is no evidence the State of Arkansas created an impediment to Poe's filing of a petition pursuant to 28 U.S.C. 2254.

Second, 28 U.S.C. 2244(d)(1)(C) provides that the one year period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The constitutional rights asserted by Poe were recognized by the United States Supreme Court well before the date of his conviction or the date on which the state Court of Appeals issued the mandate in his appeal.

Last, 28 U.S.C. 2244(d)(1)(D) provides that the one year period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Poe knew or should have known of the factual predicate of his claims by no later than the date of his conviction or the date on which the state Court of Appeals issued the mandate in his appeal.

a writ of certiorari, neither of which he did, his conviction became final sometime in September of 2007. The undersigned assumes for purposes of these Findings and Recommendation that the one year limitations period began sometime that same month, or sometime in September of 2007. He therefore had up to sometime in September of 2008 to file a timely petition pursuant to 28 U.S.C. 2254.

Poe did not file the petition at bar during the one year period between sometime in September of 2007 and sometime in September of 2008. Instead, he waited over eight years after his conviction became final to file his petition, not doing so until February of 2016. Although 28 U.S.C. 2244(d)(2) provides that "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review … is pending shall not be counted toward any period of limitation …," the provision has no application in this instance. Poe never filed a petition for state post-conviction or other collateral review at any time. Given his failure to do so, his petition is time barred and cannot now be considered unless the one year limitations period can be equitably tolled or he can otherwise show why his delay in filing the petition should be excused.

In Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the United States Supreme Court addressed the circumstances warranting application of the equitable tolling doctrine to the one year limitations period. The application of the doctrine requires the petitioner to make the following two-part showing: first, he has been pursuing his rights diligently; and second, some extraordinary circumstance stood in his way and prevented him from filing a timely petition.

Poe has failed to show that the circumstances of this case warrant application of the equitable tolling doctrine. The undersigned so finds for two reasons. First, Poe did not pursue his rights diligently. He knew or should have known of the claims at bar by the time of his trial or, at the latest, by the time his conviction was affirmed on direct appeal. He took no steps, though, to raise the claims until he filed the petition at bar. The inescapable conclusion is that he simply slept on his rights.

Second, no extraordinary circumstance prevented Poe from filing a timely petition in federal court. He maintains that he was prevented from filing a timely petition in federal court because his appellate attorney told Poe there were no available remedies apart from paying counsel to file a petition in state court.[3] Counsel's statement does not rise to the level of serious attorney misconduct. The statement is capable of more than one interpretation and indicates considerable confusion regarding state law.[4] In any event, there is no evidence the statement lulled Poe into inaction or otherwise prevented him from filing a timely petition in federal court.

---

[3] Although ineffective assistance of counsel is generally not considered an extraordinary circumstance, counsel's ineffectiveness can be such a circumstance when there is "serious attorney misconduct." See United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). In that case, serious attorney misconduct was found when it was determined that the petitioner's appellate attorney "consistently lied to [the petitioner] and his wife about [a] filing deadline; repeatedly lied to [the petitioner] and his wife about the status of [the petitioner's] case; refused to communicate with [the petitioner] or his family; neglected to file any documents, belated or not, on [the petitioner's] behalf; and failed to return any of [the petitioner's] paperwork to him despite repeated requests and then demands." See Id. at 1095.

[4] In Frye v. Hobbs, — F.Supp.2d —, 2014 WL 5325214 at 4 (E.D.Ark. 2014), United States District Judge D.P. Marshall Jr. observed "[t]he Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling."

Notwithstanding the foregoing, Poe maintains that <u>Trevino v. Thaler</u> and <u>Martinez v. Ryan</u> made a change in the law and now warrant the consideration of his petition. His reliance on those decisions, though, is misplaced. In the decisions, the United States Supreme Court held that "a federal habeas court may excuse a procedural default of a substantial ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." <u>See Sasser v. Hobbs</u>, 745 F.3d 896, 897 (8th Cir. 2014). Although <u>Trevino v. Thaler</u> and <u>Martinez v. Ryan</u> are certainly significant decisions, they have no application in this instance because they involve the question of procedural bar, not limitations.

Notwithstanding the foregoing, Poe maintains that he is actually innocent of the offenses he was convicted of committing. In <u>McQuiggin v. Perkins</u>, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recognized that actual innocence, if proved, serves as a gateway for obtaining review of claims contained in a petition barred by the one year limitations period. The petitioner is required to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. Poe has failed to meet that exacting standard. He knew or should have known of the facts he now alleges at the time of his trial. For instance, he alleges that someone else injured one of the victims, but Poe knew or should have known of that possibility at the time of his trial. To the extent Poe did not know of the possibility until now, the undersigned is not persuaded that it is more likely than not that no reasonable juror would have convicted Poe in light of the new evidence.

The undersigned finds that Poe filed the petition at bar after the expiration of the one year limitations period. Because he has offered no justification for tolling that period or shown why his delay should be excused, his petition is barred by limitations and should be dismissed. The undersigned recommends that his petition be dismissed, all requested relief be denied, judgment be entered for Kelley, and a certificate of appealabilty be denied.

DATED this 14th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE